CHRISTOPHER E. SEYMOUR 126330
KIMBLE, MacMICHAEL & UPTON
A Professional Corporation
5260 North Palm, Suite 221
Post Office Box 9489
Fresno, California 93792-9489
Telephone: (559) 435-5500
Facsimile: (559) 435-1500

Attorneys for **Chapter 7 Trustee,**
**JAMES E. SALVEN**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

* * *

| | |
|---|---|
| NATHANIEL STRABLE, MARIE STRABLE, Debtors. | Case No.: **09-16997-A-7** <br> Chapter 7 <br> DC. No. KMU-2 <br> **TRUSTEE'S MOTION TO APPROVE SALE OF REAL PROPERTY (11 USC § 363(f)(1)(5))** <br> Date: May 5, 2010 <br> Time: 9:00 a.m. <br> Dept.: A, Courtroom 11 <br> Judge; Honorable Whitney Rimel |

TRUSTEE James E. Salven ("Trustee"), by and through counsel, hereby moves this court for an order granting the Trustee authority to sell the real property co-owned by debtors and third party Marc E. Cassar and Deborah V. Cassar, Trustees of the MDC Trust dated November 11, 2003 ("Trust") as follows:

1. This court has jurisdiction over this matter pursuant to 28 USC § 1334(a) and 28 USC § 157(a). This matter is a "core" proceeding under 28 USC § 157(b)(2)(N). This motion is brought pursuant to 11 USC section 363.

///
///

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. BOX 9489
FRESNO, CA 93792-9489

1
Trustee's Motion to Approve Sale of Real Property (11 U.S. C § 363(f)(1)(5))

2. The motion is based upon the information contained herein and in the points and authorities and declarations of James E. Salven, and John Farhang filed concurrently herewith.

3. Trustee is informed and believes and thereon alleges that debtor Nathan Strable is a tenant-in-common with third parties Mark E. Cassar and Deborah V. Cassar, Trustees of the MDC Trust Dated November 11, 2003 ("Trust"), of real property commonly known as 1809 S. Roeben Avenue, Visalia, California, APN 087-442-037 (hereinafter the "Property"). Strable and Trust each own an undivided one-half interest in the Property, which consists of an approximate one-half acre unimproved residential lot. Salven Declaration, para. 4; Farhang Declaration, para. 4; Trustee's Exhibits in Support of Motion ("Trustee's Exhibits"), Exhibit B.

4. Trustee is informed and believes, and thereon alleges, that other than property tax and other assessments or encumbrances identified in Exhibit B, there were no recorded liens or encumbrances against the property on the date Debtors' case was commenced.

4. Trustee alleges on information and belief that:

(1) Partition in kind of the property between the estate and co-owner is impracticable;

(2) Sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; and

(3) The benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners

5. Trustee is informed and believes, and alleges, that sale as sought in this motion is proper under 11 U.S.C. § 363 (f)(1) and/or (5), in that California law provides for partition by sale free and clear of liens through which interests in common tenancy property maybe compensated monetarily.

6. Trustee is informed and believes that physical partition of the property either is impracticable or legally impossible, such that partition by sale is authorized under California law, California Code of Civil Procedures §§ 872.010-874.240 ("California Partition Law"), and is necessary for Trustee's administration of the Chapter 7 estate.

///
///

LAW OFFICES
Kimble, MacMichael & Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

7. Trustee alleges that sale as set forth in the Contract submitted herewith as Exhibit C is in the best interest of the estate and its creditors, and such interest outweighs any prejudice against Trust. Trustee is informed and believes that the sale price of the property is fair and reasonable based on the market for like properties in the area and the need for timely administration of the estate. Trustee is further informed and believes that approving the sale subject to better or higher bids will protect Trust for any prejudice. Trustee further alleges that that the interests of Trust, Debtors and Creditors will be adequately protected by Trustee holding net proceeds of sale on account pending further court order upon application of any interested parties.

WHEREFORE, Trustee prays judgment as follows:

1. That an order be entered for sale of the subject property pursuant to the agreement alleged herein, or otherwise;

2. That upon sale of the property, the proceeds of the sale, less the costs and expenses of such sale, be held on account by Trustee pending further court order; and

3. For such other relief as the court deems just and proper.

Dated: March 29, 2010.     KIMBLE, MacMICHAEL & UPTON
                           A Professional Corporation


                           By /s/ Christopher E. Seymour
                              CHRISTOPHER E. SEYMOUR
                              Attorneys for JAMES E. SALVEN

11912.00. 00141370.000

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

3
Trustee's Motion to Approve Sale of Real Property (11 U.S. C § 363(f)(1)(5))